# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**Case No. _____**

TEKNOWLEDGE OPS USA, INC,
a Colorado Corporation,

TEKNOWLEDGE USA, INC.,
a Colorado Corporation, and

TEKNOWLEDGE GLOBAL LTD.,
a Cyprus Limited Company,

                Plaintiffs,

    v.

TEKSYSTEMS, INC.,
a Maryland Corporation,

               Defendant.

---

## DECLARATORY JUDGMENT COMPLAINT

---

Plaintiffs TeKnowledge Ops USA, Inc., TeKnowledge USA, Inc., and TeKnowledge Global Ltd. alleges for its Complaint against Defendant TEKsystems, Inc. as follows:

### NATURE OF THE ACTION

1. Plaintiffs seek declaratory relief under 28 U.S.C. §§ 2201 and 2202.

2. Defendant has on multiple occasions, through cease-and-desist letters or complaints filed in this Court, asserted trademark infringement and unfair competition under the Lanham Act, among other trademark and contract-related claims.

3. Most recently, Defendant, amid ongoing discovery and settlement discussions, withdrew its latest complaint against Plaintiffs without prejudice.

4.      Given Defendant's history of misusing and/or over asserting its registered trademarks and suing Plaintiffs over any brand change or update, including a website refresh, Plaintiffs fear that if they make further brand changes or updates, Defendant's will sue again.

5.      Plaintiffs seek a declaratory judgment that their Tek Experts and TeKnowledge marks and logos and "Tek Experts," "Teknowledge," and "Tek Knowledge" as trade names, company names, or otherwise do not infringe or unfairly compete with Defendant's TEKsystems trademarks.

6.      Plaintiffs seek a declaratory judgment that Defendant's TEKsystems marks and triangle logos are inherently weak and not famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

7.      Plaintiffs seek cancellation of Defendant's U.S. trademark registration for TEK, which Defendant has asserted multiple times although it was obtained and/or maintained through fraud and has been abandoned for lack of use.

## PARTIES

8.      Plaintiff TeKnowledge Ops USA, Inc. f/k/a Tek Experts USA, Inc. f/k/a Tek Experts (Colorado), Inc. ("Plaintiff TOPS") is a Colorado corporation with a principal place of business at 6860 Campus Drive, #300, Colorado Springs, Colorado 80920.

9.      Plaintiff TeKnowledge USA, Inc. f/k/a Tek Experts Professional Services Inc. ("Plaintiff TUSA") is a Colorado corporation with a principal place of business at 6860 Campus Drive, #300, Colorado Springs, Colorado 80920.

10.     Plaintiff TeKnowledge Global Ltd. f/k/a Tek Experts Global Ltd. ("Plaintiff TGL") is a Cyprus limited company with a principal place of business at Nicosia City Center, 2/FL, Flat/Off 201, Kallipoleos, 64, Nicosia 1071, Cyprus.

11.     Defendant is a Maryland corporation with its principal office and place of business at 7437 Race Road, Hanover, Maryland 21076.

12.     Defendant maintains physical locations in Colorado at the following addresses: (a) 2 N. Cascade Avenue, Suite 600, Colorado Springs, Colorado 80903; (b) 2000 South Colorado Boulevard, Tower One, Suite 5000, Fifth Floor, Denver, Colorado 80222; (c) 2915 Rocky Mountain Avenue, Suite 270, Loveland, Colorado 80538; and (d) 11080 Circle Point Road, Suite 320, Westminster, Colorado 80020.

## JURISDICTION AND VENUE

13.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1119 and 1121 and 28 U.S.C. §§ 1331 and 1338; the claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

14.     The claims are proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

15.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Colorado, has locations in Colorado Springs, Denver, Loveland, and Westminster, Colorado, and has availed itself of this Court.

16.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant transacts business in this District.

## GENERAL ALLEGATIONS

### Crowded Marketplace of TEK Marks

17.    "Tek" is a synonym for "Tech" and "Technology" and a phonetic equivalent of "Tech." There are many TEK, TECH, and TECHNOLOGY-formative marks in the market for employment, hiring, recruiting, staffing, technology and IT support services, and related services.

18.    Some examples of other actively registered TEK trademarks, or a phonetic equivalent, in the spaces of employment, hiring, recruiting, staffing, technology and IT support and consulting, and related services include: TEK REMEDY (U.S. Reg. No. 6728290, "TECH" disclaimed), TEK INSPIRATIONS LLC (U.S. Reg. No. 6649777, "TEK" and "LLC" disclaimed), TEK INVESTORS (U.S. Reg. No. 6366380, Supplemental Register, "TECH" disclaimed), **TEKFIRM** (U.S. Reg. No. 6366392, Supplemental Register), TEK NINJAS (U.S. Reg. No. 5925708, "TECH" disclaimed), TEK ON CALL (U.S. Reg. No. 6076866, Supplemental Register, "TECH" disclaimed), TECH EXPERTS (U.S. Reg. No. 5343887, "TECH" disclaimed), TECH ARMY (U.S. Reg. No. 5551407, "TECH" disclaimed), TEK LINK (U.S. Reg. No. 3121441), TEKSTREAM (U.S. Reg. No. 4141478), TEKMONSTER (U.S. Reg. No. 5861482), TEKSTART (U.S. Reg. No. 4605074), TEKSERVE (U.S. Reg. No. 3271258), TEKSURANCE (U.S. Reg. No. 3547457), **TekTegrity** (US Reg. No. 3508156), and TEKMARK (U.S. Reg. No. 2245755). Copies of the Certificates of Registration are attached as **Exhibit 1**.

19.    Some examples of common law uses of TEK, or a phonetic equivalent, for employment, hiring, recruiting, staffing, technology and IT support and consulting, and related services include: TEK RECRUITING (https://tekrecruiting.com/), TEKRECRUITER (https://www.tekrecruiter.com/), TEK Consulting LLC (https://www.tekconsultingllc.com/), TEK

EXPERTS (https://www.tekexperts.com/), TEK Inspirations LLC (https://www.tekinspirations.com/), PRO-TEK CONSULTING (https://www.pro-tekconsulting.com/), TEK Consulting Solutions (http://tekconsultingsolutions.com/), TEKTREE (https://tektreeinc.com/), TEC Group (https://www.tec.biz/), TEC Group International (https://www.tecgroup.net/), TEC Staffing Services (https://tecjobs.net/), TECHPERM (https://techperm.com/), TECH ELEVATOR (https://www.techelevator.com/hire-tech-talent/job-placement/), TECHSYS Consulting (https://www.techsysconsulting.com/services.html), and TECSYS (http://www.tecsys.com/). Website captures are attached as **Exhibit 2**.

20.     Defendant coexists with these other TEK or phonetic equivalent marks and has operated in a diluted marketplace for many years.

21.     For example, PRO-TEK CONSULTING identifies Defendant as one of its "Clients We Are Privileged To Serve" on its website. *See* screenshot below and Exhibit 2.



22.     Competitors use the term "tek" in describing and promoting their employment, hiring, recruiting, staffing, technology and IT support services, and related services.  *See* Exhibits 1-2.

23.     "Tek" is ubiquitous when used in connection with employment, hiring, recruiting, staffing, technology and IT support services, and related services.

24.     "Tek" is merely descriptive and/or generic when used in connection with employment, hiring, recruiting, staffing, technology and IT support services, and related services.

25.     The Merriam-Webster definitions of "tech" are technician (noun), technology (noun), and technical (abbreviation).  *See*  https://www.merriam-webster.com/dictionary/tech, attached as **Exhibit 3**.

26.     "Tek" in Hindi is the foreign equivalent of "tech" in English, and thus, "Tek" is the foreign equivalent of the generic term "tech."

### The 2019 Letter Agreement

27.     Plaintiff TGL was incorporated in 2010 and entered the U.S. market using the name and mark "Tek Experts" in 2015.

28.    Plaintiff TGL owns U.S. Registration No. 6451226 for the logo **tek experts** for

the following services in Class 42:

> Technical support services, namely, troubleshooting of computer software problems; technical support services, namely, troubleshooting in the nature of diagnosing computer hardware and software problems; technical support services, namely, remote administration and management of in-house and hosted datacenter devices; technical support services, namely, technical advice related to the repair of software; technical support services, namely, technical advice related to the installation of software; software design and development services; computer software development; computer software development and computer programming development for others; development of software for secure network operations; design and development of computer software; design and development of on-line computer software systems; computer software development in the field of personnel management systems; computer software development in the field of operational talent management systems; software development for others in the field of software configuration management; development, updating and maintenance of software and database system; design, development, and implementation of software for personnel data management and personnel utilization; design and development of computer software for the improvements of purchasing functions of business; developing computer software; developing customized software for others; development of customized software for others for use in risk assessment, information security, business analysis, audit and audit planning, and sales management; maintenance of computer software relating to computer security and prevention of computer risks; updating of computer software relating to computer security and prevention of computer risks; application service provider, namely, hosting, managing, developing, analyzing, and maintaining applications, software, and web sites, of others in the fields of employee productivity and risk management; all of the aforementioned exclusive of design and integration of internal computer and voice technology systems,

with an alleged first use date of September 9, 2015.

29.    Plaintiff TGL's registration for the logo **tek experts** disclaims the exclusive

right to use the words "tech experts" separate and apart from the logo because the words are merely

descriptive and/or generic as applied to the services.

30.     In response to a cease-and-desist letter from Defendant concerning Plaintiff TOPS's use of the name "Tek Experts" and logo , the parties entered into a **2019 Letter Agreement**, whereby Plaintiff TOPS agreed to the following use conditions as requested by Defendant:

- In its logo, always use the "X" symbol and align "Tek" on top of, rather than adjacent to, "Experts";

- Do not combine the terms "tek" and "experts" such that they become a unitary term (*e.g.*, TekExperts or TEKexperts); and

- Do not use the term "TEK" in all caps.

### The 2023 Litigation and Settlement Agreement

31.     In 2021, Plaintiffs modernized the Tek Experts logo to  and .

32.     In 2022, Defendant sent a letter objecting to the one modernized Tek Experts logo:  and claimed that it violated the 2019 Letter Agreement. Defendant also objected to the design element in the modernized logos as being "uncomfortably similar" to the design element in Defendant's logo: .

33.     The parties exchanged multiple letters, and ultimately, Defendant filed the **2023 Litigation** against Plaintiff TOPS in this Court, *TEKsystems, Inc. v. Tek Experts (Colorado), Inc.* (D. Colo. 2023), Dkt. No.: 23-cv-00195-WJM-MDB. A copy of the fmaryland

8

34.     Complaint is attached as **Exhibit 4**. The complaint speaks for itself. TEKsystems did not wish to defend the weak and ubiquitous nature of its TEKsystems mark, and thus it effectively asserted a Lanham Act trademark infringement claim disguised as breach of contract and unjust enrichment claims. As such, Tek Experts (Plaintiff TOPS) brought compulsory counterclaims of non-infringement as to its Tek Experts name and marks. A copy of the Answer, Affirmative Defenses, and Counterclaims is attached as **Exhibit 5**.

35.     The 2023 Litigation, with its compulsory Lanham Act claims and counterclaims, specifically named as such or not, was dismissed with prejudice such that any claim that a mark can infringe solely based on the shared element "Tek" is unavailable in this or any other action against Plaintiffs. A copy of the Stipulated Dismissal with Prejudice is attached as **Exhibit 6**.

36.     The 2023 Litigation was settled and dismissed pursuant to a **2023 Settlement Agreement** between Plaintiff TOPS, Plaintiff TGL, and Defendant.

37.     As part of the 2023 Settlement Agreement, the parties agreed that Plaintiffs' Tek Experts name and mark would coexist with Defendant's TEKsystems name and mark and was not infringing.

38.     There were additional coexistence terms that applied solely to Plaintiffs' use of TEK EXPERTS in logo format:

- The word "Tek" will not appear in all capital letters.

- Tek Experts shall take steps to phase out the use of the Current TEK EXPERTS Logo promptly [], and by no later than August 16, 2024, any new TEK EXPERTS Mark or Logo shall use the words "Tek" and "Experts" appearing on separate vertical planes ("Compliant TEK EXPERTS Mark"). Notwithstanding this limitation as to vertical placement of the terms, the horizontal placement of lettering of the terms TEK and EXPERTS shall be in no way restricted.

- The words "Tek" and "Expert" shall not be arranged in a way that causes them to appear as one unitary word.

The 2023 Settlement Agreement specifically stated that these limitations did not apply to Plaintiffs' use or registration of any mark that includes any terms other than or in addition to "Tek" and "Experts" in logo format; did not apply to Plaintiffs' use of "Tek Experts" in plain text; and were not to be construed as a limitation on the evolution of the parties' respective businesses.

39.    Accordingly, Plaintiffs continued their use of the Tek Experts name and mark, as well as the compliant modernized logo , in coexistence with Defendant's TEKsystems marks.

**The Rebrand from Tek Experts to TeKnowledge**

40.    Plaintiffs have used the word and name "Tek Experts," in various forms, in the crowded marketplace of "tek/tech" formative marks, and in open and known competition with Defendant since at least as early as September 2015, and in coexistence with Defendant since 2023.

41.    In early 2024, Plaintiffs began rebranding from Tek Experts to TeKnowledge.

42.    Plaintiff TGL filed U.S. Application Serial Nos. 98384996 and 98975884 for the mark TEKNOWLEDGE (the "TeKnowledge Mark") and 98385005 and 98975885 for the logo mark  for computer software, business management, recruitment services, insourcing and outsourcing services including those for technical talent, staff and personnel, IT consultancy, technical support services, computer software development and programming, software as a service, training, marketing, promotional and consultancy services, among other goods and services, as described below:

| Class | Goods and Services |
|---|---|
| 9 | Downloadable computer software for creating, collecting, storing, controlling, managing, processing, analysing, updating, validating and securing data in the fields of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity and artificial intelligence; downloadable computer software for use in technological support to address user questions and inquiries through live or automated chat or text; Downloadable computer software for use in human resources and recruitment; Downloadable computer software for personnel management; Downloadable security software, namely, downloadable software for ensuring the security of electronic data; Downloadable software for collecting, storing, processing, and analyzing data from information technology (IT) infrastructure, sensors, business applications, clickstream, network traffic, web servers, customer relationship management (CRM), and other systems; Downloadable software for real-time security monitoring and alerting for networks, computers, and network-connected devices; Downloadable software for monitoring and analyzing business data and generating alerts based on changes in data and occurrence of business events being monitored; Downloadable software for collecting, analyzing, and visualizing data logs from security information management and security information event management applications and systems; Downloadable software for troubleshooting information technology (IT) issues on servers, computers, network-connected devices, and software applications; Downloadable software for managing information technology (IT) and business data logs; equipment for data communication and computer networks, namely, transmitters of electronic signals; Downloadable utility, security and cryptography software, namely, downloadable software for ensuring the security of electronic data, downloadable security software for managing and addressing security risks in software code, downloadable computer software for use in the monitoring and control of computer and online activity; Downloadable software for network and device security; Downloadable software for ensuring the security of electronic communications. |
| 35 | Advertising marketing and promotional services; Providing office functions; Personnel recruitment services; database management; employment agency services, talent sourcing and scouting services being employment recruiting services; Outsourcing services in the nature of arranging service contracts for others; outsourcing of technical talent, namely, arranging service contracts for others in the field of technical support; outsourcing of technical staff namely, arranging service contracts for others in the field of technical support; insourcing and outsourcing of personnel, namely, personnel placement and management; consultancy relating to in-sourcing and outsourcing, namely, consulting services relating to personnel placement and management; human resource management services and personnel recruitment services; human capital management outsourcing services, namely, arranging service contracts for others in the field of human capital management; personnel consultancy; data processing consultancy; administrative data processing; electronic data processing; computer database management, namely in relation to computer security; computer data processing, namely in relation to |

| Class | Goods and Services |
|-------|--------------------|
|       | computer security; business information services provided on-line from a global computer network or the internet |
| 41    | Education, training and instruction services in the field of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; publishing of newsletters; Business training in the field of know-how transfer; vocational guidance; education and business training consultancy services; digital learning, namely, providing classes in the fields of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; Education services, namely, training, coaching and tutoring in the field of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; arranging and conducting of educational forums, seminars, events and conferences in the field of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; Education in the field of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development rendered through correspondence courses; provision of training courses, namely, arranging and conducting of training courses in the field of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; Educational services, namely, providing courses of instruction in the field of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development which employ role-based learning; educational services, namely, developing, arranging, and conducting educational conferences and programs and providing courses of instruction in the fields of generating transformative ideas, entrepreneurial thought leadership and innovation echo systems; educational and inspirational film production, other than advertising films; organization of exhibitions for educational purposes |
| 42    | Scientific and technological research and design, namely, research and design in the fields of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; industrial analysis, industrial research in the fields of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; information technology (IT) consultancy for managed tech services; rental of computer application software for creating, collecting, storing, controlling, managing, processing, analysing, updating, validating and securing data in the fields of digital upskilling, tech managed services, digital literacy, information technology, technological transformation, business management, computer coding, cloud computing, cybersecurity, artificial intelligence and software development; technical support services, namely, troubleshooting of computer software problems; technical support services, namely, troubleshooting in the nature of diagnosing computer hardware and software problems; Technical support services, namely, troubleshooting in the nature of diagnosing computer hardware and software problems in relation to data centers; technical support services, namely, technical advice related to the repair of software; technical support services, namely, technical advice related to the installation of software; software design and development services; technical consultancy services in the field of evaluation and implementation of information technology (IT) services, namely, computer systems analysis; technical support services for managing infrastructure, namely, remote and local technical administration of servers for others for the monitoring, administration, and management of public and private computer application systems; technical support services, namely, remote and on-site infrastructure management services for monitoring, administration, and management of public and private cloud computing information technology (IT) and application systems; Research services in the field of information technology, namely, research related to computer and data security; computer software development; computer software development and computer programming development for others; development of software for secure network operations; design and development of computer software; design and development of on-line computer software systems; computer software |

| Class | Goods and Services |
|-------|--------------------|
|       | development in the field of personnel management systems; computer software development in the field of operational talent management systems; software development for others in the field of software configuration management; development, updating and maintenance of software and database system; design, development, and implementation of software for personnel data management and personnel utilization; computer programming services for electronic data security; design and development of computer software for the improvements of purchasing functions of business; developing computer software; developing customized software for others; development of customized software for others for use in risk assessment, information security, business analysis, audit and audit planning, and sales management; maintenance of computer software relating to computer security and prevention of computer risks; updating of computer software relating to computer security and prevention of computer risks; application service provider, namely, hosting, managing, developing, analyzing, and maintaining applications, software, and web sites, of others in the fields of employee productivity and risk management; Design, development, programming, installation, maintenance and updating of computer software relating to cyber security; Development of non-downloadable software applications for recruiting and talent management to automate and streamline career placement, employment recruiting, sourcing with regard to staffing, candidate screening processes, employment interviewing, employment hiring, on-boarding; Development of non-downloadable automated software applications to define and market job opportunities, screening, evaluating, tracking, managing, interviewing, and assessing job candidates, hiring, tracking, and managing employees, consultants, and contractors throughout the lifecycle of the application process and their employment; Software-as-a service (SAAS) services featuring software for employee management, namely onboarding, document management, performance reviews, offboarding, and time management; software as a service (SAAS) services featuring computer software for use by others for use in searching, monitoring, troubleshooting, and business analysis of customer data services; data security services, namely, maintenance of computer software relating to the prevention of computer risks; internet security services, namely, monitoring and resolving malware threats to software and IT systems risks being online scanning, detecting, quarantining and eliminating of viruses, worms, trojans, spyware, adware, malware and unauthorized data and programs on computers and electronic devices; IT security, protection and restoration namely, data security consultancy, offsite data backup, and recovery of computer data; professional consultancy relating to computer security; computer security threat analysis for protecting data; Computer security against illegal network access , namely, restricting unauthorized access to computer networks and websites; computer software design, namely, design of electronic data processing software; cybersecurity services in the nature of restricting unauthorized access to computer systems and technology consultation in the field of cybersecurity; cybersecurity assessment services in the nature of computer security threat analysis for protecting data and information from unauthorized access; cyber security compliance and auditing services, namely, computer security consultancy for implementing standards and cybersecurity compliance audits; cyber security incident response and recovery, namely, being on-line scanning, detecting, quarantining and eliminating of viruses, worms, trojans, spyware, adware, malware and unauthorized data and programs on computers and electronic devices; cyber security support services, namely, troubleshooting of computer software problems, monitoring technological functions of computer network systems, monitoring cybersecurity threats, preventing cyber intrusions; Electronic document authentication services, namely, analyzing document related data to detect fraud for the purpose of document verification and authentication. |

43.    Plaintiffs initially commenced use of the logo mark  in connection with its goods and services as described above.

44.    Plaintiff TGL's pending U.S. applications for the TeKnowledge Mark and

 logo were refused registration in Class 35 only, based on prior registrations

for TECHKNOWLEDGE and . None of Defendant's TEKsystems

marks were cited as a bar to registration.

45.    Plaintiffs' rebrand from "Tek Experts" to "TeKnowledge" does not go against the 2023 Settlement Agreement nor does it infringe, unfairly compete with, or dilute Defendant's TEKsystems mark.

**The 2024 Litigation**

46.    In late 2024, Defendant sent a cease-and-desist letter objecting to Plaintiffs' name change, new logos, and updated website, and soon thereafter, filed the **2024 Litigation** against Plaintiffs in this Court, *TEKsystems, Inc. v. TeKnowledge OPS USA, Inc. et al* (D. Colo. 2024), Dkt. No.: 1:24-CV-02574-DDD-SBP. A copy of the First Amended Complaint is attached as **Exhibit 7**.

47.    Plaintiffs filed a Motion to Dismiss the Trademark Dilution Claim (which alleged that Defendant's TEKsystems marks and triangle logos are famous under the Lanham Act) and For A More Definite Statement on Allegedly Infringing Marks (because Defendant asserted not only that TeKnowledge was infringing, but also that Tek Experts was infringing, despite agreeing in the 2023 Settlement Agreement that Tek Experts was non-infringing). *See* ECF Nos. 24, 29, and 35 for the parties' briefing.

48.    Although the pleadings were not closed, Defendant sought to start discovery early in the case, and the parties engaged in substantial written discovery and document production.

14

49.     Despite requesting Plaintiffs' U.S. customer list, Defendant did not want to share its U.S. customer list in return.

50.     Defendant has a history of filing lawsuits and asserting its TEKsystems marks, as well as its U.S. registration for the TEK mark (which should be cancelled for fraud), but it has not litigated any trademark infringement case to a final decision.

51.     The 2024 Litigation is the first case in which Defendant alleged that its TEKsystems marks and triangle logos are "famous" under the Lanham Act.

52.     In April 2025, Plaintiffs underwent a brand refresh, which included updating their logo to  (collectively with the  and  logos, the "TeKnowledge Logos") and updating their www.teknowledge.com website and other marketing collateral.

53.     This brand refresh was part of a strategic decision by Plaintiff TGL to diversify Plaintiffs' business offering and the new logo and brand identity was developed to accurately reflect Plaintiffs' expanded capabilities.

54.     At the end of June 2025, Defendant sought to settle the 2024 Litigation, and in early July 2025, Plaintiffs responded with a counterproposal. Without any response to that counterproposal, and without any further communication whatsoever with Plaintiffs' counsel, Defendant covertly dismissed the 2024 Litigation without prejudice. A copy of the Notice of Voluntary Dismissal Without Prejudice is attached as **Exhibit 8**.

55.     Despite the 2019 Letter Agreement (which Plaintiffs did not violate), the 2023 Settlement Agreement (which Plaintiffs did not breach), and a "with prejudice" dismissal of the 2023 Litigation, Plaintiffs continue to be harassed by Defendant for seemingly any brand change.

56.     Plaintiffs expended considerable resources (time and money) into defending the 2024 Litigation, which was abruptly and unexpectedly dismissed without prejudice by Defendant.

57.     Plaintiffs remain subject to Defendant's harassment, its misuse and/or over-asserting of its registered trademarks, and potential future litigation if Plaintiffs make any brand change, which will necessarily occur in the normal course of business.

**Defendant's TEKsystems Trademarks**

58.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 2287071 for the mark TEKSYSTEMS for "temporary and permanent placement of personnel in the information systems industry," in Class 35 and "computer services, namely, systems management and consultation services in the information systems industry," in Class 42, issued on October 19, 1999.

59.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 3291060 for the mark TEKSYSTEMS for "management and business consulting services in the field of call center operation for others; outsourcing in the field of providing staffing to others to operate help desks, customer care centers, software maintenance and network support functions, and production hosting and support facilities," in Class 35, issued on September 11, 2007.

60.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 4273436 for the logo mark  for "Employment agency services, namely, filling the temporary and permanent staffing needs of businesses; Employment counseling and recruiting; Employment hiring, recruiting, placement, staffing and career networking services; Employment outplacement services; Employment staffing consultation services; Human capital management outsourcing services; Management of telephone call centers for others; Operation of

telephone call centers for others; Outsourcing in the field of information technology systems; Providing on-line employment information in the field of hiring, recruiting, counseling, placement, staffing and career networking services; Providing online business management services including accounting, marketing, business project management, and business development; Providing online databases featuring information relating to employers and employees and places of employment; Temporary employment agencies," in Class 35 and "Computer project management services; Computer technology support services, namely, help desk services; Consulting services in the field of computer-based information systems for businesses; Installation of computer software; Integration of computer systems and networks; Technological consultation in the technology field of information technology systems and integration; Updating of computer software for others," in Class 42, issued on January 8, 2013.

61.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 4090165 for the mark TEKSYSTEMS GLOBAL SERVICES ("Global Services" disclaimed) for "Employment hiring, recruiting, placement, staffing and career networking services; Employment outplacement services; Employment staffing consultation services; Human capital management outsourcing services; Outsourcing in the field of information technology systems; Personnel recruitment services and employment agencies; Providing an on-line searchable database featuring employment opportunities and content about employment," in Class Class 35 and "Computer project management services; Computer technology support services, namely, help desk services; Consulting services in the field of computer-based information systems for businesses; Installation of computer software; Integration of computer systems and networks;

Technological consultation in the technology field of information technology systems; Updating of computer software for others," in Class 42, issued on January 24, 2012.

62.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 5957383 for the mark TEKSYSTEMS.SAIGE for "Cloud computing featuring software for use to support knowledge base and conversation history environments, namely, software for providing real time insights and updates through the use of artificial intelligence; Platform as a service (PAAS) featuring computer software platforms for providing real time insights, updates and data analysis through the use of artificial intelligence chatbots; Providing temporary use of on-line non-downloadable software for use in operating service desks and for providing web-based access to human resources applications, supply chain applications, finance applications, and employee benefits applications; Providing temporary use of on-line non-downloadable cloud computing software for facilitating automated machine learning based conversations," in Class 42, issued on January 7, 2020.

63.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 6719263 the mark TEKSYSTEMS ACADEMY ("Academy" disclaimed) for "Education services, namely, providing live and on-line self-paced training contect, videos, classes, courses, webinars, seminars, and workshops in the field of information technology, agile and lean methodologies, software development, digital technology, IT services, project management, coding, analytics, big data,; Non-downloadable electronic publications in the nature of newsletters, articles, books, magazines, course outlines, and course content in the field of information technology," in Class 41, issued on May 3, 2022.

64. Upon information and belief, Defendant is the purported owner of U.S. Registration No. 2896875 for the mark TEK SYSTEMS GOVERNMENT SERVICES ("Systems" and "Government Services" disclaimed) for "Computer services, namely, computer systems management and computer consultation provided for the information systems technology and communications industries," in Class 42, issued on October 26, 2004.

65. Upon information and belief, Defendant is the purported owner of U.S. Registration No. 2720254 for the mark TEK for "Computer services, namely, computer consultation and systems management, integration of computer systems and networks and on-site monitoring of computer systems in the information systems industry," in Class 42, issued on June 3, 2003.

66. On information and belief, in support renewal of U.S. Registration No. 2720254, on May 30, 2023, Defendant submitted a specimen of use to the USPTO showing use of the mark TEK CHATTANOOGA in connection with a 2017 tweet, but no use of TEK alone. On information and belief, the submission of this specimen, that is seven years old and does not show use of the registered mark, to support renewal was an intentional misrepresentation and designed to induce the USPTO to issue a renewal of this registration that should not have been issued.

67. Copies of the Sections 8 & 9 Combined Declaration of Use and Application for Renewal and the Notice of Acceptance of same are attached as **Exhibit 9**.

68. Upon information and belief, Defendant is the purported owner of U.S. Registration No. 6689042 for the logo mark  for "Employment agency services, namely, filling the temporary and permanent staffing needs of businesses; Employment hiring, recruiting, placement, staffing and career networking services; Providing on-line employment information in the field of

hiring, recruiting, counseling, placement, staffing, and career networking services; Providing online business management services including accounting, marketing, business project management, and business development; Providing online business risk management service for use in project management; Providing an on-line searchable database featuring employment opportunities; Employment outplacement services; Employment staffing consultation services; Management of telephone call centers for others; Operation of telephone call centers for others; Personnel recruitment services and employment agencies; Temporary employment agencies," in Class 35 and "Computer project management services; Computer technology support services, namely, help desk services; Consulting services in the field of design, selection, implementation and use of computer hardware and software systems for others; Outsource service provider in the field of information technology consulting; Design, installation, updating and maintenance of computer software; Technical support, namely, monitoring technological functions of computer network systems; Technological consultation in the technology field of information technology systems and integration; Technological planning and consulting services in the field of design and operation of computer hardware and software," in Class 42, issued on April 5, 2022.

69.     Upon information and belief, Defendant is the purported owner of U.S. Registration No. 6035216 for the logo  for "Cloud computing featuring software for use to support knowledge base and conversation history environments, namely, software for providing real time insights and updates through the use of artificial intelligence; Providing temporary use of non-downloadable cloud-based software for facilitating automated machine learning based conversations; Providing temporary use of on-line non-downloadable software for in operating

service desks and for providing web-based access to human resources applications, supply chain applications, finance applications, and employee benefits applications; Platform as a service (PAAS) featuring computer software platforms for providing real time insights, updates and data analysis through the use of artificial intelligence chatbots," in Class 42, issued on April 14, 2020.

70.     Defendant's use of TEKsystems is perceived by customers as two words— "tek systems." Defendant historically used the logo marks  and , in which "TEKsystems" appears as two words— "TEK systems." Defendant's use of capital and lowercase letters in its current logo  has the same effect.

71.     When spoken orally, "TEKsystems" is understood as a two-word phrase, "tek systems" or "tech systems."

72.     Notwithstanding the reality of the separate perception of "tek" and "systems" in Defendant's mark, the U.S. registrations for marks comprised of "TEKsystems" do not disclaim the generic word "tek" (or "tech"), and only one disclaims "systems"; however, "tek" and "systems" are both merely descriptive and/or generic as applied to the services.

73.     The TeKnowledge Mark has multiple meanings to consumers, including the two words "tek knowledge" or "tech knowledge" and an artful play on the word "technology," given Plaintiffs' unique spelling and stylization in the current logo: .

74.     "TeKnowledge" has the same number of syllables as Plaintiffs' prior mark Tek Experts, which coexisted with Defendant's TEKsystems marks without infringement pursuant to the 2023 Settlement Agreement.

75.     The capitalization of the letter "K" in TeKnowledge is to indicate its use in both "Tek" and "Knowledge."  In contrast, Defendant's mark capitalizes the entire first word, "TEK."

### Nearly 10 Years of Coexistence in the Marketplace

76.     Plaintiffs and Defendant have each been using their respective TEK-formative marks—TEKsystems and Tek Experts—and coexisting in the United States for ***nearly 10 years*** without any known instances of confusion in the marketplace. Although Plaintiffs rebranded to TeKnowledge in 2024, there remains some residual use of Tek Experts, which is permitted under the 2023 Settlement Agreement and via the "with prejudice" dismissal of the 2023 Litigation.

77.     Plaintiffs are aware of no instances of consumer confusion between themselves and Defendant, as to Tek Experts or TeKnowledge, and predictably, Defendant alleged and produced none in either the 2023 Litigation or the 2024 Litigation.

78.     Defendant has never reported a single instance of actual consumer confusion to Plaintiffs, as to Tek Experts or TeKnowledge.

79.     Since inception, both parties in the normal course of business have changed the logos that they have used in connection with TEKsystems, Tek Experts, and TeKnowledge.

80.     One of Defendant's prior logos was , which was, on information and belief, in use in 2006.

81.     Another of Defendant's prior logos was , which was, on information and belief, in use in 2008 and 2013.

82.     Both parties market themselves as leading providers of IT placement services around the globe.

## CLAIM I

### Declaration that the Tek Experts Mark, TeKnowledge Mark, and TeKnowledge Logos are Non-Infringing

83.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

84.     Plaintiffs allege that their Tek Experts mark and compliant logos, TeKnowledge Mark, and TeKnowledge Logos have not and do not infringe on any of Defendant's purported trademark rights, including U.S. Registration Nos. 2287071 (TEKSYSTEMS), 3291060 (TEKSYSTEMS), 4273436 (  ), 2896875 (TEK SYSTEMS GOVERNMENT SERVICES), 4090165 (TEKSYSTEMS GLOBAL SERVICES), 5957383 (TEKSYSTEMS.SAIGE), 6719263 (TEKSYSTEMS ACADEMY), and (collectively, the "TEKsystems Marks") and U.S. Registration Nos. 6689042 (  ) and 6035216 (  ) (collectively, the "Triangle Logos"), or the trademark registration Plaintiffs seek to cancel, namely, U.S. Registration No. 2720251 (TEK).

85.     Plaintiffs are using the TeKnowledge Mark and following logo:
 , and intend to continue to do so.

86.     Plaintiffs have previously filed for and/or used the following logos, both of which Defendant objected to as allegedly infringing in the 2024 Litigation:  or  .

87.     The parties' respective word marks—TeKnowledge and TEKsystems—are different in sight, sound, meaning, and commercial impression, and they coexist in an enormously crowded field of TEK, TECH, and TECHNOLOGY marks.

88.     The parties' respective logo marks are different in sight, sound, meaning, and commercial impression, as shown below:









89.     Plaintiffs submit that Defendant's TEKsystems Marks are inherently weak because they are comprised of the merely descriptive and/or generic word "Tek" and the merely descriptive and/or generic word "Systems."

90.     Many of the other registrants and users of TEK-formative marks in the marketplace use corresponding logos (examples reproduced below). *See* Exhibits 1-2.



91.     In this crowded marketplace of weak, competing marks, consumers are able to distinguish between the many marks.

92.     By virtue of the dismissal with prejudice of the 2023 Litigation and the 2023 Settlement Agreement, Defendant cannot assert that Plaintiffs' use of another TEK-formed mark, like the TeKnowledge Mark, infringes its TEKsystems Marks simply because it contains the term "TEK" – yet Defendant brought the 2024 Litigation against Plaintiffs on this basis.

93.     Defendant does not use the mark TEK alone nor does it have any exclusive rights in or to that term alone.

94.     In the 2023 Settlement Agreement, which resulted in the "with prejudice" dismissal of the 2023 Litigation, Defendant agreed that the following compliant Tek Experts logo could coexist with its TEKsystems logo and that the marks were not likely to cause consumer confusion:



95.     The above marks are more similar than the current marks at issue and the marks at issue in the 2024 Litigation:



96.     Plaintiffs' 2024 rebrand from "Tek Experts" to "TeKnowledge" was done with no intent to infringe upon or trade off Defendant's TEKsystems Marks.

97.     Plaintiffs' brand refresh in later 2024 to update its TeKnowledge logo from [logo] to [logo] was similarly done with no intent to infringe upon or trade off Defendant's TEKsystems Marks.

98.    Plaintiffs' inclusion of a triangular design in its intent-to-use U.S. application for the one TeKnowledge logo (  ), and inclusion of hexagons arranged a crescent-like shape in its prior TeKnowledge logo (  ) was done with no intent to infringe upon or trade off Defendant's Triangle Logos (  and  ), which are entirely different.

99.    The TeKnowledge Mark and TeKnowledge Logos have even more distinctive commercial impressions from the TEKsystems Marks, when compared against the prior Tek Experts mark and compliant modernized logo that Defendant agreed its TEKsystems Marks could coexist with and not cause consumer confusion.

100.    Consumers of the respective TeKnowledge-branded and TEKsystems-branded services consist primarily of enterprises and businesses.

101.    Enterprises and businesses are discerning and sophisticated consumers.

102.    Relevant consumers know the difference between Plaintiffs' TeKnowledge-branded services and Defendant's TEKsystems-branded services.

103.    Relevant consumers are able to distinguish between the myriad of TEK-formative marks and logos in the marketplace for IT placement or related services.

104.    The Tek Experts and TEKsystems marks have been coexisting in the United States for *nearly 10 years* with no known actual confusion in the marketplace, and Plaintiffs' use of the Tek Experts mark since September 2023 was with consent from Defendant under the 2023 Settlement Agreement.

105.    Since Plaintiffs' rebrand to TeKnowledge in early 2024, there has been no known instances of actual confusion with any of Defendant's purported trademarks.

106.    Plaintiffs submit that there has been, and is, no likelihood of confusion between any of Defendant's TEKsystems Marks and Triangle Logos and their Tek Experts mark and compliant logos, TeKnowledge Mark, and TeKnowledge Logos.

107.    In view of the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

108.    Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202 that their use of the Tek Experts mark and compliant logos, TeKnowledge Mark, and TeKnowledge Logos are non-infringing.

## CLAIM II

### Declaration that "Tek Experts," "Teknowledge," and "Tek Knowledge" are Non-Infringing

109.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

110.    Plaintiffs allege that their use of the wording "Tek Experts," "Teknowledge," and "Tek Knowledge" as trade names, company names, and otherwise in connection with its business does not infringe on any of Defendant's purported trademark rights in its TEKsystems Marks.

111.    Plaintiffs are currently using "Teknowledge" as their trade name, company name, and otherwise and intend to continue to do so.

112.    Plaintiffs submit that "tek experts," "teknowledge," and "tek knowledge" are merely descriptive when used in connection with its services. Defendant has no valid grounds for seeking to force Plaintiffs from using the wording "tek experts," "teknowledge," or "tek knowledge" as a trade name, company name, or otherwise.

113.    Plaintiffs submit that Defendant's TEKsystems mark is weak because it is comprised of the merely descriptive and/or generic word ""TEK" and the merely descriptive and/or generic word "systems," evoking the very information technology, computer systems, and technological services that Defendant provides.

114.    Plaintiffs adopted the term "tek experts" in 2010 and began using it in the United States on or about September 2015, and had no intent to infringe upon Defendant's TEKsystems Marks.

115.    Plaintiffs adopted the term "teknowledge" on or about January 2024, and had no intent to infringe upon Defendant's TEKsystems Marks.

116.    Plaintiffs allege that there are many uses of "TEK" in the market for IT placement or related services. *See, e.g.*, Exhibits 1-2.

117.    Since September 2023, "tek experts" and "tek systems" have been coexisting in the marketplace as agreed upon by the parties in the 2023 Settlement Agreement, and "tek knowledge" is another merely descriptive and ubiquitous phrase.

118.    "Expert(s)" and "knowledge" have very similar meanings and connote the same commercial impression.

119.    Plaintiffs submit that there may exist residual use "Tek Experts," which is permitted, to direct their customers to their new trade name and brand, "TeKnowledge."

120.    Plaintiffs and Defendant, directly and/or indirectly through affiliate companies, have in recent years conducted business together.

121.    Consumers of the respective Tek Experts and TeKnowledge-branded and TEKsystems-branded services consist primarily of enterprises and businesses.

122.    Enterprises and businesses are discerning, sophisticated consumers.

123.    Relevant consumers know the difference between Plaintiffs' Tek Experts and TeKnowledge-branded services and Defendant's TEKsystems-branded services, especially given the number of TEK-formative users in the market.

124.    The Tek Experts and TEKsystems marks have been coexisting in the United States for *almost 10 years* with no known actual confusion in the marketplace.

125.    Plaintiffs allege that they are not aware of any instances of actual confusion with the TEKsystems marks since they launched the "TeKnowledge" trade name over a year and a half ago.

126.    Plaintiffs submit that there has been and is no likelihood of confusion between any of Defendant's asserted TEKsystems Marks and their use of "Tek Experts," "TeKnowledge," or "Tek Knowledge."

127.    In view of the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

128.    Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202 that their use of the term "Tek Experts," "TeKnowledge," and "Tek Knowledge," as a trade name, company name, or otherwise and irrespective of capitalization, is non-infringing.

## CLAIM III

### Declaration that TEKsystems is Not a Famous Mark

129.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

130.    In the 2024 Litigation, Defendant claimed that its TEKsystems Marks and Triangle Logos are "famous" among the general public and thus a household name, to support a dilution claim.

131.    The parties' respective TEKsystems, Tek Experts, and TeKnowledge marks have coexisted in the marketplace for the parties' respective services for many years without any actual confusion.

132.    The parties' respective TEKsystems, Tek Experts, and TeKnowledge marks have also coexisted in the marketplace with myriad TEK- and TECH-formative marks for similar services.

133.    "Tek" is ubiquitous when used in connection with employment, hiring, recruiting, staffing, technology and IT support services, and related services.

134.    "Tek" is merely descriptive and/or generic when used in connection with employment, hiring, recruiting, staffing, technology and IT support services, and related services.

135.    A basic search for "Tek" on the USPTO website returns hundreds of TEK and TEK-formative marks unrelated to Defendant across various industries and product lines.

136.    Fame within the meaning of Section 43(c) of the Lanham Act is defined as a mark that is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A).

137.    Examples of legally "famous" trademarks include Apple®, Rolex®, Starbucks®, Visa®, Nike®, and Coke®.

138.    Examples of legally "famous" logos include Apple's apple and Nike's swoosh.

139.    Defendant's TEKsystems Marks and Triangle Logos are weak marks.

140.    Defendant's TEKsystems Marks and Triangle Logos do not have nationwide recognition among the general public and association with Defendant.

141.    Defendant's TEKsystems Marks are not household names that virtually anyone in the United States is familiar with and associates with Defendant's services

142.    Defendant cannot plausibly show that its TEKsystems Marks are "famous."

143.    Plaintiffs submit that there has been and is no consumer association or likelihood of confusion between any of Defendant's TEKsystems Marks and Plaintiffs' use of "TeKnowledge."

144.    Plaintiffs submit that there has been and is no dilution of any of Defendant's asserted TEKsystems Marks by virtue of Plaintiffs' use of its TeKnowledge Mark and any of the TeKnowledge Logos.

145.    In view of the foregoing allegations, there exists between the parties a controversy of sufficient immediacy and reality to warrant declaratory relief.

146.    Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §§ 2201(a) and 2202 that "TEKsystems" is not a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(2)(A).

147.    Without such a declaration, Defendant can continue to misuse its TEKsystems Marks and thereby subject Plaintiffs to frivolous litigation, which caused harm to Plaintiffs in the 2024 Litigation and will cause harm to Plaintiffs in future litigation. Defendant will enjoy unlawful gain and advantage, to which it is not entitled under the Trademark Act.

## **CLAIM IV**

### **Cancellation of Reg. No. 2720254 for Fraud on the USPTO**

148.    Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

149.     On May 30, 2023, in support renewal of U.S. Registration No. 2720254 for the mark TEK (the "TEK Mark"), Defendant submitted a specimen of use to the USPTO showing use of the mark TEK CHATTANOOGA on a Twitter account with the last tweet in 2017, but no use of TEK alone and no recent posts. *See* Exhibit 9.

150.     Defendant's mark shown in U.S. Registration No. 2720254 is TEK, not TEK CHATTANOOGA or TEKsystems.

151.     The marks TEKsystems and TEK make different commercial impressions to consumers, as do TEK CHATTANOOGA and TEK.

152.     On information and belief, there has been no commercial use by Defendant of the TEK Mark in connection with the services identified in that registration: "Computer services, namely, computer consultation and systems management, integration of computer systems and networks and on-site monitoring of computer systems in the information systems industry," in Class 42 for at least 5 years, if not longer.

153.     Currently, Plaintiffs cannot locate any commercial use by Defendant of the TEK Mark in connection with the services identified in that registration.

154.     A retweet in 2017 under the mark TEK CHATTANOOGA does not support current use of the mark TEK in 2023.

155.     Defendant has abandoned any and all claims to maintain the TEK Mark, and has otherwise abandoned all claims of federal trademark rights in and to said mark.

156.     Defendant has abandoned the TEK Mark for use in connection with the Class 42 services identified in that registration.

157.    Defendant has abandoned, within the meaning of Section 45 of the Lanham Act, 15 U.S.C. § 1127, the mark TEK shown in U.S. Registration No. 2720254.

158.    In submitting the renewal application, Defendant executed the required declaration which includes the averment, "the mark is in use in commerce on or in connection with the goods/services."

159.    Defendant declared under penalty of perjury that the representations made in the renewal application were true.

160.    At the time the specimen was submitted, Defendant knew it had abandoned the TEK trademark and did not have use the mark in commerce.

161.    On information and belief, the submission of this specimen of use to support renewal was an intentional misrepresentation and designed to induce the USPTO to accept the renewal application.

162.    In reliance on Defendant's verified statements, which falsely stated that the TEK Mark was in use in commerce, the USPTO maintained the registration.

163.    Defendant intended to mislead the USPTO into renewing its registration for the TEK Mark.

164.    By its conduct, Defendant has committed a fraud upon the USPTO.

165.    But for Defendant's fraudulent conduct, the USPTO would not have accepted the renewal application or maintained the registration.

166.    Registration No. 2720254 should be cancelled in its entirety under Sections 37 and 39 of the Lanham Act, 15 U.S.C. § 1119 and 15 U.S.C. § 1121, because it was maintained by fraud on the USPTO, or in the alternative, because the TEK Mark was abandoned.

167.    If Defendant's registration for the TEK Mark is allowed to continue in full force and effect, Defendant will enjoy unlawful gain and advantage, to which it is not entitled under the Trademark Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.    That this Court enter judgment in favor of Plaintiffs and against Defendant on all their claims.

B.    That this Court adjudge, decree, and declare that:

1.    Plaintiffs' use of the Tek Experts mark and compliant logos have not infringed or unfairly competed with any of Defendant's trademark rights in the TEKsystems Marks;

2.    Plaintiffs' use of the TeKnowledge Mark has not infringed or unfairly competed with any of Defendant's trademark rights in the TEKsystems Marks;

3.    Plaintiffs' TeKnowledge Logos have not infringed or unfairly competed with any of Defendant's trademark rights in the TEKsystems Marks;

4.    Plaintiffs' use of "tek experts," "teknowledge," and "tek knowledge" has not infringed or unfairly competed with any of Defendant's trademark rights in the TEKsystems Marks;

5.    Plaintiffs have not been unjustly enriched by using their Tek Experts mark and compliant logos, TeKnowledge Mark, or the TeKnowledge Logos;

6.    Defendant's TEKsystems Marks and Triangle Logos are not "famous" trademarks under the Lanham Act; and

       7.  Defendant is barred from bringing any claim against Plaintiffs that a mark can infringe solely based on the shared element "Tek."

C.      That this Court cancel U.S. Registration No. 2720254 for fraud on the USPTO.

D.      That this Court require Defendant to pay Plaintiffs for their costs and reasonable attorneys' fees to the extent permitted by law, including under 15 U.S.C. § 1117 and any other applicable statutory provisions.

E.      That this Court grant Plaintiffs such other and further relief, including damages, as deemed proper and just.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a trial by jury of all triable issues.

Dated: August 14, 2025          Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Jared A. Brandyberry*
        Jared A. Brandyberry
        1801 California Street, Suite 4400
        Denver, CO  80202-2662
        Email:  jbrandyberry@bakerlaw.com
        Phone: 303-861-0600

        Mark H. Tidman
        1050 Connecticut Avenue NW
        Suite 1100
        Washington, D.C. 20036
        Email: mtidman@bakerlaw.com
        Phone: 202-861-1500

        Lisa Bollinger Gehman
        1735 Market Street, Suite 3300
        Philadelphia, PA 19103-7501
        Email: lgehman@bakerlaw.com
        Phone: 215-568-3100

        *Attorneys for Plaintiffs*

## <u>CERTIFICATION OF NON-USE OF AI TECHNOLOGY</u>

Pursuant to the Court's standing order, I hereby certify that no portion of the foregoing **DECLARATORY JUDGMENT COMPLAINT** was drafted or prepared by artificial intelligence (AI).


*/s/ Jared A. Brandyberry*
Jared A. Brandyberry

*Attorney for Plaintiffs*